NJProb 12C/D
(10/24)

# United States Probation Office
# United States District Court
# for the District of New Jersey

## Amended Petition for Summons or Warrant for Individual under Supervision

February 24, 2025

**Name of Individual Under Supervision:** Kareem McCargo     **Docket Number:** 19-00080-001
                                                             19-00232-002

**Reg. Number:** 72276-050     **PACTS Number:** 5897183

**Name of Judicial Officer:**  THE HONORABLE ROBERT B. KUGLER
SENIOR UNITED STATES DISTRICT JUDGE
(Reassigned to the Hon. Edward S. Kiel on February 13, 2025)

**Original Offense:**  **19-CR-00080-001**: Count One: Possession of a Firearm by a Convicted Felon; 18 U.S.C. § 922(g)(1), a Class C felony

**19-CR-00232-002:** Count Four: Distribution and Possession with Intent to Distribute Heroin; 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a Class C felony

**Original Sentence: 19-CR-000080-001**: Imposed on 12/14/2021; 105 months imprisonment, 3 years supervised release.

**Original Sentence: 19-CR-00232-002**: Imposed on 12/14/2021; 105 months imprisonment, 3 years supervised release.

**Current Custodial Status:** In custody

**Special Conditions: 19-CR-000080-001**: Special Assessment, Mental Health Treatment, Motor Vehicle Compliance, Support Dependents

**Special Conditions: 19-CR-00232-002**: Special Assessment, Mental Health Treatment, Motor Vehicle Compliance, Support Dependents

**Date Supervision Commenced:** 05/29/2024     **Date Supervision Expires:** 05/28/2027

**Assistant U.S. Attorney:** To be assigned, 401 Market St., 4th Floor, Camden, New Jersey 08101, (856) 757-5026

**Defense Attorney:** To be assigned, Federal Defenders Office, 800 Cooper Street, Suite 350, Camden, New Jersey 08102, (856) 757-5341

## PETITIONING THE COURT:

☐ To issue a warrant
☐ To issue a summons
☑ To amend a previously filed petition to include docket number: 19-00232-002

NJProb 12C/D – page 2
Kareem McCargo

**THE COURT ORDERS:**

☑ The petition dated <u>02/13/2025</u>   and filed with the Court on <u>02/13/2025</u>   is HEREBY AMENDED
(as recommended by Probation).

☐ No Action.

☐ Other.

_____            3/18/2025
        Signature of Judicial Officer                          Date

**COURT ACTION TO DATE:**

On February 21, 2025, Mr. McCargo made his initial appearance before U.S. Magistrate Judge Donio. During the proceedings, his request for bail was denied, and he was ordered to remain in federal custody. A violation of supervised release hearing was scheduled for March 24, 2025.

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

According to a Runnemede Borough Police Department Incident Report, on February 8, 2025, Ms. Melissa Reyes filed a report and pressed charges against her paramour, Kareem McCargo. The report states that on February 5, 2025, Mr. McCargo allegedly broke into her home at 33 Haverford Road in Runnemede, New Jersey, refused to leave, and threatened her until she agreed to drop a restraining order, she filed against him. Later that day, at a final restraining order hearing in Camden County Family Court, due to Mr. McCargo's threats, she requested the courts to dismiss the charges in the restraining order.

On February 6, 2025, Mr. McCargo allegedly broke into Ms. Reyes home again, and continued making threats. The next day, February 7th, he allegedly confronted Ms. Reyes at her place of employment, Deptford High School, following her inside until school personnel intervened and asked Mr. McCargo to leave the premises. That evening, Ms. Reyes reported that she returned home to find Mr. McCargo inside her residence. When she asked him to leave, the situation escalated into a physical altercation, during which he allegedly pinned her against an object, slapped her arms down to prevent her from resisting, and took her phone by pushing her head and neck into the couch.

Later that night, Ms. Reyes expressed that her family informed her that Mr. McCargo had allegedly used her phone to post sexually explicit images of her on social media. She also reported that he later returned to her home, broke in again, and stole two laptops and a printer.

On February 9, 2025, Mr. McCargo was arrested by the Gloucester Township Police Department and charged with the following offenses:

- N.J.S., 2C:12-3A - Terroristic Threats; a 3rd degree offense (two counts)
- N.J.S., 2C:12-1B(12) - Aggravated Assault; a 3rd degree offense

The Probation Office has determined this conduct constitutes **a Grade A violation.**

| 2 | The individual under supervision has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'** |

As outlined in Violation Number 1, Mr. McCargo allegedly burglarized the victim's, Melissa Reyes, residence at 33 Haverford Road in Runnemede on

multiple occasions, stealing her cellphone, two laptops and a printer. Additionally, Mr. McCargo is accused of stalking the victim by showing up at the victim's workplace and repeatedly attempting to contact her. Notably, all of these actions violated the temporary restraining order that was in place between the two parties.

He was also charged with the following offense:

- N.J.S, 2C:18-2.1 - Home Invasion Burglary; a 2nd degree offense
- N.J.S., 2C:29-9b(1) - Contempt; a 4th degree offense
- N.J.S., 2C:12-10C - Stalking; a 3rd degree offense
- N.J.S., 2C:20-3A - Theft by Unlawful Taking; a 3rd degree offense (two counts)
- N.J.S., 2C:18-2.2 - Burglary; a 2nd degree offense

The Probation Office has determined this conduct constitutes a **Grade B violation.**

3           The individual under supervision has violated the mandatory supervision condition which states **'You must not commit another federal, state, or local crime.'**

As outlined in Violation Number 1 and 2, Mr. McCargo allegedly committed these disorderly persons offenses by harassing the victim through repeated attempted contact and violating the temporary restraining order issued against him.

He was also charged with the following offenses:

- N.J.S., 2C:33-4C - Harassment; a disorderly persons offense
- N.J.S., 2C:29-9b(2) - Contempt; a disorderly persons offense

The Probation Office has determined this conduct constitutes a **Grade C violation.**


**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

Mr. McCargo was not interviewed about the alleged violations.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Kareem McCargo is facing a maximum statutory penalty of 2 years imprisonment for violating the term of supervised release attached to the underlying conviction on Count One, a Class C felony. The individual under supervision is also facing a statutory maximum penalty of 2 years imprisonment for violating the term of supervision attached to the underlying conviction on Count Four, a Class C felony. Pursuant to the Third Circuit's ruling in *U.S. v. Dees*, 467 F.3d 847 (3rd Cir. 2006), a District Court has the authority to impose consecutive prison sentences upon revocation of concurrent terms of supervised release which resulted from the imposition of multiple terms of imprisonment. The aggregate exposure upon revocation for the individual under supervision is therefore 4 years.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

Pursuant to 18 U.S.C. § 3624(e), when multiple terms of supervised release are (re)imposed they must be imposed concurrent to each other.

The individual under supervision is subject to a separate prosecution. The Supreme Court has ruled in *Setser v. U.S.*, 132 S. Ct. 1463, 1468-70 (2012) that a District Court may order its sentence to run either concurrently or consecutively to a not-yet-imposed state court sentence.

## POLICY STATEMENT/GUIDELINE PROVISIONS:

The individual under supervision's exposure to all penalties is presented in the Appendix.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of IV and a Grade A violation, the individual under supervision faces a guideline range of 24 to 30 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 12 to 18 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 6 to 12 months custody.

Upon a finding of a Grade A or B violation, pursuant to USSG § 7B1.3(a)(l), the court will revoke supervised release.

Upon a finding of a Grade C violation, pursuant to USSG § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Pursuant to USSG § 7B1.1, Application Note #1, and 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the individual under supervision not commit another federal, state or local crime. A violation of this condition may be charged whether or not the individual under supervision has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the individual under supervision is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the actual conduct of the individual under supervision.

Pursuant to USSG § 7B1.3(c)(2), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

Pursuant to USSG § 7B1.3(e), where the Court revokes probation or supervised release and imposes a term of imprisonment, it will increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under Title 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.

Pursuant to USSG § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release will be ordered to be served consecutively to any sentence of imprisonment that the individual under supervision is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Pursuant to USSG § 7B1.5(b), upon revocation of supervised release, no credit will be given toward any term of imprisonment ordered for time served on post-release supervision.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

JOSEPH A. DAGROSSA, Chief
U.S. Probation Officer

By: KYLE E. WILLIAMS
U.S. Probation Officer

/ kew

APPROVED:

2/24/2025

ANTHONY M. STEVENS          Date
Supervising U.S. Probation Officer

# APPENDIX
## Statutory and guideline exposure

VIOLATION GRADE:                 A
CRIMINAL HISTORY CATEGORY:  IV

| | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | **19-CR-00080-001**: Up to 2 years<br>**19-CR-00232-002**: Up to 2 years | 24 - 30 months |
| SUPERVISED RELEASE: | **19-CR-00080-001**: Up to 3 years<br>**19-CR-00232-002**: Up to life<br>(less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | **19-CR-00080-001**: Up to 3 years<br>**19-CR-00232-002**: Up to life<br>(less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE:                 B
CRIMINAL HISTORY CATEGORY:  IV

| | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | **19-CR-00080-001**: Up to 2 years<br>**19-CR-00232-002**: Up to 2 years | 12 - 18 months |
| SUPERVISED RELEASE: | **19-CR-00080-001**: Up to 3 years<br>**19-CR-00232-002**: Up to life<br>(less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | **19-CR-00080-001**: Up to 3 years<br>**19-CR-00232-002**: Up to life<br>(less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE:                 C
CRIMINAL HISTORY CATEGORY:  IV

| | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | **19-CR-00080-001**: Up to 2 years<br>**19-CR-00232-002**: Up to 2 years | 6 - 12 months |
| SUPERVISED RELEASE: | **19-CR-00080-001**: Up to 3 years<br>**19-CR-00232-002**: Up to life<br>(less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | **19-CR-00080-001**: Up to 3 years<br>**19-CR-00232-002**: Up to life<br>(less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |